O

**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 09-02142 VAP (DTBx)                            Date: January 19, 2010

Title:   AURORA LOAN SERVICES, LLC -v- ROBERTO NEGRETE; RODOLFO MATA; and DOES 1 TO 50, INCLUSIVE
================================================================
PRESENT:   HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

Marva Dillard                                                  None Present
Courtroom Deputy                                               Court Reporter

ATTORNEYS PRESENT FOR                      ATTORNEYS PRESENT FOR
PLAINTIFFS:                                DEFENDANTS:

None                                       None

PROCEEDINGS:   MINUTE ORDER REMANDING ACTION TO CALIFORNIA SUPERIOR COURT, RIVERSIDE COUNTY (IN CHAMBERS)

    On September 10, 2009, Plaintiff Aurora Loan Services, LLC ("Plaintiff") filed a "Complaint for Unlawful Detainer" against Defendants Roberto Negrete and Rodolfo Mata (collectively, "Defendants").  On December 1, 2009, Defendants removed the action on the basis of federal question and diversity jurisdiction, 28 U.S.C. §§ 1331.  (<u>See</u> Not. of Removal ¶¶ 4-5.)

    Removal jurisdiction is governed by statute.  <u>See</u> 28 U.S.C. §1441, <u>et seq</u>.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  <u>Gaus</u>

v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992), citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990); see also In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

Defendants claim the basis for removal is federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff asserts claims that "aris[e] under" federal law.  (See Not. of Removal ¶ 4.)   On the face of the Complaint, however, Plaintiff's only claim is for unlawful detainer, a California state law action.  See Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 10 (1983) (defendant may not remove case to federal court unless the basis for federal jurisdiction is apparent on the face of the complaint).  Accordingly, Defendant has not shown the Court's jurisdiction based on federal question, 28 U.S.C. § 1331.

Furthermore, Defendants allege no basis for diversity jurisdiction.  Accordingly, Defendants have not met their burden of establishing that this action is properly in federal court.  Gaus, 980 F.2d at 566.  The Court, therefore, REMANDS the action to the Superior Court of California, Riverside County.

**IT IS SO ORDERED.**